**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.    **CV 13-9231-JFW (MANx)**                              Date: October 16, 2014

Title:      Theresa Morales -v- Compass Group, PLC, et al.

---

**PRESENT:**
          **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

          **Shannon Reilly**                                    None Present
          **Courtroom Deputy**                                  Court Reporter


**ATTORNEYS PRESENT FOR PLAINTIFFS:**         **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                              None

**PROCEEDINGS (IN CHAMBERS):**    ORDER GRANTING DEFENDANT COMPASS GROUP
                                  USA INC.'S MOTION FOR SUMMARY JUDGMENT OR,
                                  IN THE ALTERNATIVE, PARTIAL SUMMARY
                                  JUDGMENT [filed 8/29/14; Docket No. 43]

On August 29, 2014, Defendant Compass Group USA Inc. ("Compass") filed a Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment ("Motion"). On September 12, 2014, Plaintiff Theresa Morales ("Plaintiff") filed her Opposition. On September 17, 2014, Compass filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's September 29, 2014 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.      Factual and Procedural Background**[1]

        **A.    It is Undisputed That Plaintiff Was Correctly Classified as an Exempt Employee
               When She Initially Worked at Compass.**

Plaintiff began her employment at Compass in approximately March 2005. When Plaintiff applied for employment at Compass as its Human Resource ("HR") Manager, she had three years

---

   [1] To the extent any of these facts are disputed, they are not material to the disposition of this Motion. In addition, to the extent that the Court has relied on evidence to which the parties have objected, the Court has considered and overruled those objections. As to the remaining objections, the Court finds that it is unnecessary to rule on those objections because the disputed evidence was not relied on by the Court.

of experience working as a HR Manager for Aramark, one of Compass's competitors. It is undisputed that Plaintiff received training in wage and hour law, attended wage and hour hearings, and performed at least one wage and hour audit while at Aramark, and that she was properly classified as an exempt administrative employee during her employment at Aramark.

Plaintiff was initially employed by Compass as its HR Manager, with an initial salary of $67,000 plus bonuses. Plaintiff concedes that she was properly classified as an exempt employee while she worked as HR Manager for Compass. As HR Manager, Plaintiff's job duties included coordinating and conducting management training, which involved training Compass managers in performance management and how to prepare for employee terminations. Management training also included training managers on interviewing techniques, candidate selection, and hiring. In conducting this training, Plaintiff was responsible for answering any questions managers might raise about the material she presented. Plaintiff estimates that her training duties occupied approximately forty percent of her time between 2005 and 2007.

As HR Manager, Plaintiff devoted approximately thirty percent of her time to investigating employee human resources complaints. Plaintiff was also required to evaluate the results of employee surveys and then collaborate with operations management to develop an action plan to address any areas of employee dissatisfaction, which constituted approximately five percent of her time. Plaintiff also represented Compass at job fairs, which included not only attending the job fair as Compass's representative, but also securing locations, negotiating rates, and making sure Compass had the requisite materials to distribute at the job fair. Job fairs required a "significant amount" of Plaintiff's time, with each job fair requiring about forty hours of her time. In addition, Plaintiff represented Compass at personnel-related hearings, including hearings before the California Division of Labor Standards Enforcement.

### B. Plaintiff's Job Title Changed from HR Manager to HR Consultant in 2007.

In 2007, Compass underwent a reorganization that required Plaintiff to reapply for her position.[2] As part of this process, Plaintiff submitted a cover letter and resume describing her then-existing job duties and qualifications, which included her statement acknowledging that her position required her to be creative, innovative and analytical. In March 2007, Plaintiff was re-hired and given a new job title of HR Consultant with an increased salary of $75,000 plus bonuses. As a result of the reorganization, many of Plaintiff's job duties remained the same, but her duties shifted from supporting a particular set location to providing support for certain specific business partners

---

[2] Despite the parties varied interpretations of the nature of Plaintiff's duties after the reorganization, a close analysis reveals that the substance of her tasks is largely undisputed and substantially similar to her duties as HR Manager. Although the parties dispute many of the details of Plaintiff's duties as HR Consultant, the essential outline of her job functions are not controverted. In addition, the manner in which the parties characterize Plaintiff's job duties does not control whether Plaintiff was exempt or not exempt under California labor laws as a legal matter. Rather, it is the nature of her job duties themselves, which is undisputed, that controls the resolution of that legal question.

across a broader geographic area.³ On July 1, 2007, Plaintiff signed a document entitled "Compass Group Job Description" for her position as HR Consultant, and it is undisputed that it accurately summarizes her core job functions as a HR Consultant. The Compass Group Job Description states that a HR Consultant:

> Provides field and corporate support to operations business partners at the RVP and DM level with emphasis in litigation avoidance activities including providing training at regional and district meetings, associate transitions, associate relations, DOL and OFCCP audits, and coordinates field based HR training such as CC and HRDS. Content expert regarding HR policies, procedures, programs and state and local employment legislation.

In her new position as HR Consultant, Plaintiff estimates that she continued to spend approximately forty percent of her time performing training-related tasks. During those training sessions, as before, there was always time devoted to questions and answers, and Plaintiff was expected to be knowledgeable and able to answer questions posed by participants. Plaintiff also was responsible for setting up the training and independently formulating creative methods to attract employees' attendance at her training sessions in order to meet her yearly attendance goals.

Plaintiff estimates that she spent approximately twenty percent of her time as a HR Consultant leading focus groups consisting of employees involved in potential union organizing activities. Operations management relied on Plaintiff to provide her HR expertise in leading these focus groups. In addition, for about six months in 2011, Plaintiff spent nearly all of her time conducting wage and hour audits. Those audits required her to assess and evaluate Compass's compliance with numerous wage and hour issues. Among other issues, Plaintiff audited for compliance with rules governing meal periods, rest periods, and other wage and hour issues. In addition to reviewing documents during the audits to assess whether Compass was complying with California labor laws and regulations, Plaintiff interviewed employees to assess their compliance, asking follow-up questions, if necessary, to determine their actual compliance. Plaintiff's review of documents and employee interviews allowed her to analyze and determine if there were any wage and hour violations or issues at a particular location that required corrective action by higher management. Plaintiff was also responsible for completing a multi-page audit form that documented the results of her investigation. The balance of Plaintiff's time, which was less than thirty percent, was divided between a variety of different tasks, including attendance at regional meetings led by operations managers, representation of Compass at administrative hearings, and providing services relating to the opening of new units. In addition, approximately once per month, Plaintiff was required to prepare a spreadsheet containing new hire information.

During Plaintiff's employment as both a HR Manager and a HR Consultant, Plaintiff's supervisor at Compass was Lynn Wilson (f/k/a Lynn Woodhouse) ("Wilson"), who reported to the Vice President of Human Resources. Although Wilson nominally supervised Plaintiff, Plaintiff

---

³ As part of the reorganization, Compass created the HR Service Center ("HRSC") which Plaintiff contends assumed some of the duties she had previously performed, including investigating complaints, taking calls from the field, and policy interpretation.

worked from home or on the road, and only saw Wilson about three times per year. On average, Plaintiff communicated with Wilson less than once per day. Wilson gave Plaintiff broad assignments, and Plaintiff had complete discretion to decide on a day-to-day and hour-to-hour basis what tasks to perform in order to accomplish those broad assignments. In addition, Plaintiff was not required to obtain permission from anyone to go to lunch, make personal calls, take breaks, or use the internet for personal reasons. Plaintiff was free to engage in those activities whenever she deemed it appropriate. Furthermore, Plaintiff would decide based on her own judgment when to stop working for the day. Plaintiff ceased reporting to Wilson in December 2011, and, in March 2012, Compass sold its corrections center business to Defendant Trinity Service Group, Inc. (erroneously sued as H.I.G. Capital/Trinity Group, Inc.) ("Trinity"), at which time Plaintiff became a Trinity employee. In her last year with Compass, Plaintiff's income was in excess of $88,000 per year.

### C. Procedural History

On October 15, 2013, Plaintiff filed a Complaint against Compass and Trinity in Los Angeles Superior Court. On December 16, 2013, Compass removed this action to this Court, alleging subject matter jurisdiction based on 28 U.S.C. § 1332(a). On February 25, 2014, Plaintiff filed a First Amended Complaint against Compass and Trinity. In her First Amended Complaint, Plaintiff asserts causes of action for: (1) unpaid overtime wages; (2) missed meal periods; (3) missed rest periods; (4) violation of California Labor Code § 558; (5) violation of California Labor Code § 226; (6) violation of California Labor Code § 203; and (7) unfair business practices. Plaintiff's claims are based on her contention that she was misclassified as an exempt employee after Compass's 2007 reorganization, and, based on that misclassification, she was denied certain benefits she was entitled to as an allegedly non-exempt employee.[4]

Compass seeks summary judgment primarily on the ground that Plaintiff falls into the administrative exemption under California law and, therefore, was not entitled to overtime compensation or to meal and rests breaks.

## II. Legal Standard

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Once the moving party meets its burden, a party opposing a properly made and supported motion for summary judgment may not rest upon mere denials but must set out specific facts showing a genuine issue for trial. *Id.* at 250; Fed. R. Civ. P. 56(c), (e); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)

---

[4] Because of her job duties at Compass, Plaintiff fully understood the difference between an exempt and non-exempt employee under California law, and the requirements for each classification. Despite Plaintiff's knowledge of California labor law and her alleged belief that she had become a non-exempt employee as a result of the 2007 reorganization, she never complained to anyone in management during her employment with Compass that she had been misclassified as an exempt employee.

("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data."). In particular, when the non-moving party bears the burden of proving an element essential to its case, that party must make a showing sufficient to establish a genuine issue of material fact with respect to the existence of that element or be subject to summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "An issue of fact is not enough to defeat summary judgment; there must be a genuine issue of material fact, a dispute capable of affecting the outcome of the case." *American International Group, Inc. v. American International Bank*, 926 F.2d 829, 833 (9th Cir. 1991) (Kozinski, dissenting).

An issue is genuine if evidence is produced that would allow a rational trier of fact to reach a verdict in favor of the non-moving party. *Anderson*, 477 U.S. at 248. "This requires evidence, not speculation." *Meade v. Cedarapids, Inc.*, 164 F.3d 1218, 1225 (9th Cir. 1999). The Court must assume the truth of direct evidence set forth by the opposing party. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 507 (9th Cir. 1992). However, where circumstantial evidence is presented, the Court may consider the plausibility and reasonableness of inferences arising therefrom. *See Anderson*, 477 U.S. at 249-50; *TW Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631-32 (9th Cir. 1987). Although the party opposing summary judgment is entitled to the benefit of all reasonable inferences, "inferences cannot be drawn from thin air; they must be based on evidence which, if believed, would be sufficient to support a judgment for the nonmoving party." *American International Group*, 926 F.2d at 836-37. In that regard, "a mere 'scintilla' of evidence will not be sufficient to defeat a properly supported motion for summary judgment; rather, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997).

## III. Discussion

### A. California's Labor Laws and the Administrative Exemption

California law prescribes certain rules concerning compensation and breaks, and authorizes employee civil actions in the case of violations. Under California Labor Code §510, employers must generally pay mandatory overtime to any employee who works more than eight hours a day or forty hours a week. Cal. Lab. Code §510(a). California Labor Code §515 provides that the Industrial Welfare Commission ("IWC"), a California State agency, may establish exemptions from Section 510's overtime compensation requirements. The IWC promulgates these exemptions in "wage orders" that constitute state regulations enforced by the California Division of Labor Standards & Enforcement ("DLSE"). The IWC has exercised its authority to promulgate exemptions and the applicable or current IWC wage order is Wage Order No. 4-2001, codified at California Code of Regulations title 8, Section 11040. The 2001 Wage Order establishes three exemptions: the professional exemption, the executive exemption and the administrative exemption. 8 California Code Regs §110401(A)(1)-(3).

In this case, Compass argues that Plaintiff was exempt under the administrative exemption. To exempt an employee under the administrative exemption, an employer must establish five elements:

> The employee must (1) perform "office or non-manual work directly related to management policies or general business operations" of the employer or its

customers, (2) "customarily and regularly exercise[ ] discretion and independent judgment," (3) "perform[ ] under only general supervision work along specialized or technical lines requiring special training" or "execute [ ] under only general supervision special assignments and tasks," (4) be engaged in the activities meeting the test for the exemption at least 50 percent of the time, and (5) earn twice the state's minimum wage.

*Eicher v. Advanced Business Integrators, Inc.*, 151 Cal. App. 4th 1363, 1371 (2007) (*quoting* Wage Order No. 4–2001 § 1(A)(2)). Because these elements are stated in the conjunctive, "each . . . must be satisfied to find the employee exempt as an administrative employee." *Id.* at 1372.

Wage Order 4-2001 expressly incorporates certain FLSA regulations effective as of the date that wage order was issued. "The activities constituting exempt work and non-exempt work shall be construed in the same manner as such terms are construed in the following regulations under the Fair Labor Standards Act effective as of the date of this order: 29 C.F.R. Sections 541.201-05, 541.207-08, 541.210, and 541.215." *Campbell v. PricewaterhouseCoopers*, LLP, 642 F.3d 820, 831 (9th Cir. 2011). In other words, in applying Wage Order 4-2001, "the wage order is construed in light of the incorporated federal regulations." *Harris v. Superior Court*, 53 Cal. 4th 170, 178-79 (2011). In this case, the question is whether Plaintiff's work as a HR Consultant after 2007 is encompassed by the administrative exemption as construed in accordance with the relevant statute, wage orders, and federal regulations.

The question of whether Plaintiff is an administrative employee exempt from overtime coverage is a mixed question of law and fact. *Ramirez v. Yosemite Water Co.*, Inc., 20 Cal. 4th 785, 794 (1999). The issue of what Plaintiff did as an employee for Compass is a question of fact, while the precise scope of the exemption is a question of law. *Id*. Exemptions from statutory mandatory overtime provisions are to be narrowly construed, and Compass bears the burden of proving the exemption is proper. *Id.* at 794-95. Finally, "in resolving whether work qualifies as administrative, courts must consider the particular facts before them and apply the language of the statutes and wage orders at issue." *Harris*, 53 Cal. 4th at 190. Accordingly, if there is no dispute as to Plaintiff's job duties, the Court can hold as a matter of law that Plaintiff either does or does not fall into the administrative exemption. For the reasons set forth below, the Court concludes that Compass has met its burden and is entitled to summary judgment.

### B. Plaintiff's Claims Fail Because She Qualifies for the Administrative Exemption.

It is undisputed that if Plaintiff qualifies for the administrative exemption under California law, Compass will prevail on its affirmative defense and will be entitled to judgment in its favor. *See, e.g., Piscione v. Ernst & Young, LLP*, 171 F.3d 527, 546 (7th Cir. 1999) (granting summary judgment on administrative exemption as to employee in the defendant's Human Resource Consulting Group); *In re United Parcel Serv. Wage & Hour Cases (Taylor)*, 190 Cal. App. 4th 1001, 1025 (2010) (citing *Piscione*). Although Plaintiff agrees that there are five elements that Compass must prove to entitle it to the administrative exemption under California law, she understandably fails to address the first and fifth prongs of the administrative exemption test because Plaintiff's duties as HR Consultant satisfy the office or non-manual work and state minimum wage prongs of the test. In this case, the dispute centers on the remaining prongs of the administrative exemption test: (1) whether Plaintiff performed work requiring specialized training, experience, or knowledge

under only general supervision; and (2) whether Plaintiff customarily and regularly exercised discretion and independent judgment.

### 1. Plaintiff's Duties Involved Specialized Training and Experience Under Only General Supervision.

In performing her duties as HR Consultant at Compass, Plaintiff had to rely on and use the specialized training and experience in HR issues which she acquired and developed during her many years of employment with Aramark and Compass. It is undisputed that in order to qualify for the position of HR Consultant, Plaintiff was required to have previous HR experience, which she easily satisfied as a result of her HR work for Aramark, and as HR Manager for Compass. During her deposition, Plaintiff admitted that she was properly classified as exempt in both her position with Aramark and her HR Manager position with Compass. Based on a careful comparison of Plaintiff's duties as a HR Manager and a HR Consultant during the relevant time periods, the Court concludes that the nature of her duties as a HR Consultant were substantially similar to her duties as a HR Manager, and that both positions required her to utilize her HR knowledge, training, and experience to successfully perform those duties. In addition, Plaintiff was a member of several professional HR organizations, including both PIHRA and SHRM, and as a result of her membership in these organizations, Plaintiff acquired additional knowledge on various HR issues that allowed her to continue to develop her skills and better perform her duties as HR Manager and HR Consultant. In fact, Plaintiff admitted during her deposition that the knowledge she acquired through her membership in those organizations was helpful to her in performing her duties as a HR Manager and a HR Consultant. Therefore, the Court concludes that Plaintiff's position as HR Consultant required her to perform duties that involved the exercise of her specialized training and experience.

Based on the undisputed evidence, the Court also concludes that Plaintiff worked under only general supervision. During her deposition, Plaintiff admitted that she generally worked either from her home office or on the road, and was in face-to-face contact with Wilson, her supervisor, only a few times per year. Plaintiff also testified that she did not communicate with Wilson on a daily basis. Although Wilson provided Plaintiff direction as to the broad tasks she expected Plaintiff to perform, Wilson did not instruct Plaintiff on how to perform those tasks, and there is no evidence that Wilson provided Plaintiff anything other than general supervision.[5] Therefore, the Court concludes that Plaintiff worked under only general supervision. *See, e.g., Lopez v. United Parcel Service, Inc.*, 2010 WL 3630619 (N.D. Cal. Sept. 14, 2010) (holding that "weekly team meetings and the occasional drive-by check by a supervisor constitute only 'general supervision' of plaintiff's

---

[5] Plaintiff's argument that she was closely supervised, and, therefore, did not qualify as working under only "general supervision" is unpersuasive. Plaintiff argues that Wilson sometimes asked her to keep a calendar of her daily whereabouts and she had to perform the tasks assigned to her by Wilson. However, as Compass points out, in order for a position to be correctly classified as "exempt" an employee does not have to have absolute autonomy, and an exempt classification does not preclude an employer from holding an employee accountable for completing tasks. *See, e.g., Mekhitarian v. Deloitte & Touche (ICS), LLC*, 2009 WL 6057248 (C.D. Cal. Nov. 3, 2009) ("Virtually every employee – no matter how high ranking – is subject to some degree of supervision by a superior").

primary work").

Accordingly, based on the undisputed evidence, the Court concludes that, in her position as HR Consultant and throughout her employment with Compass, Plaintiff's duties involved the exercise of specialized training and experience under only general supervision, which satisfies the specialized training and experience prong of the test.

### 2. Plaintiff's Duties Required the Recurrent Exercise of Discretion and Independent Judgment With Respect to Matters of Significance.

Plaintiff's duties as HR Consultant also satisfy the requirement that she "customarily and regularly" exercise discretion and independent judgment. The phrase "customarily and regularly" in exemption requirement (b) is not defined in California law, but "[b]ecause California wage and hour laws are modeled to some extent on federal laws, federal cases may provide persuasive guidance" on the meaning of the phrase. *Nordquist v. McGraw-Hill Broadcasting Co.*, 32 Cal. App. 4th 555, 563 (1995). The phrase "customarily and regularly" is defined under federal regulation to mean "a frequency that must be greater than occasional but which, of course, may be less than constant." "Courts have declined to set bright-line rules regarding what constitutes 'customarily and regularly.'" *McKinney v. United Stor-All Centers LLC*, 656 F.Supp. 2d 114 (D.D.C. 2009). Moreover, the phrase "customarily and regularly" does not imply a "majority of the time test." *Taylor v. Waddell & Reed, Inc.*, 2012 WL 10669 (S.D. Cal. Jan. 3, 2012). "Customarily and regularly" is defined as occurring "more than occasionally" or "normally and recurrently . . . in the day-to-day performance" of job duties. *See, e.g., Taylor*, 190 Cal. App. 4th at 1024 (*citing* 29 C.F.R. § 541.207(g)); 8 California Code Regs § 110401(A)(2)(b).

The exercise of discretion and independent judgment involves "the comparison and evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered," and the employee "has the authority or power to make an independent choice, free from immediate direction or supervision, and with respect to matters of significance." 29 C.F.R. § 541.202(a). However, "[d]iscretion and independent judgment do not necessarily imply that the decisions made by the employee have a 'finality that goes with unlimited authority and a complete absence of review.'" *Taylor*, 190 Cal. App. 4th at 1027. In addition, the fact that an employee works subject to an employer's written procedures, manuals or supervisor approval does not negate the exercise of discretion and independent judgment. *Id.* at 1026-27; *Farnham v. Riimic*, LLC, 2012 WL 5187851 (S.D. Fla. Oct. 19, 2012) (holding that human resources manager exercised discretion and independent judgment when she served as an advisor to management on issues affecting employees, helped resolve employee conflicts, and researched to ensure compliance with labor and employment law even though "her supervisors had to approve any decisions or recommendations she made"); *Hodge v. Closetmaid Corp.*, 2014 WL 1328967 (M.D. Fla. Apr. 2, 2014) (holding that employee audits and other steps to ensure compliance with applicable local, state and federal laws qualified as exercise of discretion and independent judgment even though plaintiff was "limited to making recommendations to higher management.")

In this case, Plaintiff's deposition testimony establishes that she easily meets the discretionary and independent judgment prong of the administrative exemption. Plaintiff testified that she devoted the majority of her time in her position as HR Consultant to three tasks – training,

focus groups, and wage and hour audits – and that each of these tasks required her to regularly exercise discretion and independent judgment. With respect to training, Plaintiff admitted that she had to formulate her own plan to attract people to attend the training sessions in order to meet her annual attendance goals. During the training sessions, she had to be knowledgeable and able to answer any questions that the trainees raised about any of the topics covered during her training sessions. Accordingly, the training performed by Plaintiff required the exercise of discretion and independent judgment. *See, e.g., Schwind v. EW & Associates*, 357 F. Supp. 2d 691, 706 (S.D.N.Y. 2005) (holding that "delivering training" qualified as exempt administrative work requiring exercise of discretion and independent judgment).

In addition, Plaintiff testified that she frequently led employee focus groups, and that she had to encourage and facilitate discussions during the focus groups so Compass would be aware of any potential problems or issues that might result in unionization. Plaintiff's work leading focus groups necessarily required the exercise of discretion and independent judgment because, as with the training performed by Plaintiff, it was impossible to know in advance what questions or issues might be raised by the focus group participants. Wage and hour audits also required Plaintiff to exercise discretion and judgment. During her deposition, Plaintiff conceded that, in addition to examining the required documentation, she conducted extensive interviews of employees to determine whether Compass was complying with California labor laws and regulations. *See, e.g., Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004, 1034-36 (2012) (holding that failure to provide meal period requires failure to make bona fide off-duty meal period available and is not demonstrated merely by an absence of an employee clock-out for lunch). Plaintiff ultimately reported her findings from the wage and hour audits in a multi-page audit document. Plaintiff also conceded during her deposition that the accuracy of her wage and hour audits and the nature and quality of her advice with respect to the wage and hour audits could impact whether Compass complied with the law.

Therefore, the Court concludes that, based on the undisputed facts, no reasonable juror could conclude that Plaintiff did not regularly exercise independent judgment and discretion with respect to matters of significance as HR Consultant. Accordingly, Plaintiff was properly classified as an exempt administrative employee by Compass, and, thus, Compass is entitled to summary judgment on its affirmative defense that Plaintiff was covered by the California administrative exemption.

### C. Plaintiff's Remaining Claims Are Without Merit.

As discussed above, Compass moves for summary judgment on its affirmative defense that Plaintiff was properly classified as an exempt employee. In addition, Compass moves for summary judgment on separate grounds on Plaintiff's meal and rest period claims and her California Labor Code §§ 226 and 588 claims.[6] Plaintiff's claims for violation of California Labor Code §§ 226.7 and

---

[6] Plaintiff failed to address Compass's arguments in her Opposition. This constitutes a concession that these claims are without merit. *Resek v. City of Huntington Beach*, 41 Fed. Appx. 57 (9th Cir. 2002) (holding that "failure to raise an issue in opposition to summary judgment can constitute waiver") (*citing Taylor v. Sentry Life Ins. Co.*, 729 F.2d 652, 655–56 (9th Cir.1984)); *Reliance Ins. Co. v. Doctors Co.*, 299 F.Supp. 2d 1131 (D. Haw. 2003) ("Failure to raise issues in

512 regarding unpaid missed meal and rest breaks, and Plaintiff's claim for violation of California Labor Code § 203 fail based on the Court's determination that Plaintiff was properly classified as an exempt administrative employee. In addition, Plaintiff's claim for civil penalties pursuant to California Labor Code § 558 due to overtime pay violations fails because the statute is not privately enforceable by an individual employee. *Ruiz v. Paladin Group, Inc.*, 2003 WL 22992077 (C.D. Cal. Sept. 29, 2003) (holding that Section 558 is not privately enforceable by an individual). Moreover, Plaintiff's claims for civil penalties under California Labor Code §§ 226 and 558 are barred by the one year statute of limitations. *Thomas v. Home Depot USA, Inc.*, 527 F.Supp. 2d 1003 (N.D. Cal. 2007) (holding that California Labor Code statutes to recover a penalty are governed by a one year statute of limitations). Finally, Plaintiff's claim under California Business and Professions Code § 17200 also fails in light of the Court's determination that Compass is entitled to summary judgment on her underlying claims. *Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136 (2011) ("Because the underlying causes of action fail, the derivative UCL . . . claim[ ] also fail[s]").

Accordingly, for these additional reasons, Compass is entitled to summary judgment on Plaintiff's second cause of action for unpaid missed meal periods, third cause of action for unpaid missed rest periods, fourth cause of action for violation of California Labor Code § 558, fifth cause of action for violation of California Labor Code § 226, sixth cause of action for violation of California Labor Code § 203, and seventh cause of action for violation of California Business & Professions Code § 17200.

## IV. Conclusion

For all the foregoing reasons, Compass's Motion is **GRANTED**. The parties are ordered to meet and confer and prepare a joint proposed Judgment which is consistent with the Court's Order. The parties shall lodge the joint proposed Judgment with the Court on or before October 23, 2014. In the unlikely event that counsel are unable to agree upon a joint proposed Judgment, the parties shall each submit separate versions of a proposed Judgment along with a declaration outlining their objections to the opposing party's version no later than October 23, 2014.

IT IS SO ORDERED.

---

opposition to summary judgment functions as a waiver").